OPINION
On August 3, 1999, Rita Miller filed a complaint against appellant, Heidi Willey, alleging appellant committed an assault against her daughter, Amy Miller. The alleged attack had occurred on June 1, 1999 when appellant was seventeen years old. Appellant turned eighteen on June 14, 1999. An adjudicatory hearing was held on November 19, 1999. At said hearing, appellant admitted to an amended charge of disorderly conduct. By journal entry filed November 29, 1999, the trial court found appellant to be a delinquent child. A dispositional hearing was held on December 23, 1999. By journal entry filed January 3, 2000, the trial court ordered appellant to serve thirty days in the Guernsey County Justice Center, an adult facility. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE TRIAL COURT ERRED IN "SENTENCING" A JUVENILE DELINQUENT TO INCARCERATION IN AN ADULT JAIL FACILITY.
 I
Appellant claims the trial court erred in sending her to an adult facility. We agree. Appellant committed the offense on June 1, 1999 when she was seventeen years old. Although appellant turned eighteen shortly thereafter, it is undisputed appellant was a "child" as defined in R.C. 2151.011(B)(6)(a) and (b) and subject to the jurisdiction of the Juvenile Court. The issue herein is whether the trial court was permitted to send appellant to an adult facility given the language of R.C. 2151.355(A)(22):
 (A) If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition:
 (22) Make any further disposition that the court finds proper, except that the child shall not be placed in any state correctional institution, county, multicounty, or municipal jail or workhouse, or other place in which an adult convicted of a crime, under arrest, or charged with a crime is held.
We find the language of this statute to be very clear. While we sympathize with the trial court's dilemma that there is no facility available in Guernsey County which could house appellant, a juvenile at the time of the offense and an adult at the time of disposition, we nevertheless find the trial court erred in sending appellant to the Guernsey County Justice Center. We reverse the disposition and remand the case to the trial court for alternative disposition in compliance with R.C. 2151.355(A). The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby reversed and remanded.
 _________________________ READER, V.J.